1  Theida Salazar (SBN 295547)
   Law Offices of Theida Salazar
   2140 North Hollywood Way, #7192
2  Burbank, CA 91510
   Tel: (818) 433-7290
3  Fax: (818) 436-4009

4  salazarlawgroup@gmail.com

5  Ashton R. Watkins (SBN 235310)
   Law Offices of ASHTON R. WATKINS
6  Figueroa Tower Center
   660 S. Figueroa Street, Suite 1960
7  Los Angeles, CA 90017
   Tel: (310) 855-3904
8  Fax: (310) 943-3896

9  ashton@watkinslawgroup.com

10 Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES THALASINOS, an individual; JACOB THALASINOS, an individual; GREGORY CLAYBORN, an individual; VANESSA NGUYEN, an individual and TRUNG DO, an individual.<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; a government entity.<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **WRONGFUL DEATH-NEGLIGENCE**<br>2. **WRONGFUL DEATH-NEGLIGENCE-SURVIVAL ACTION;**<br>3. **PREMISES LIABILITY; and**<br>4. **NEGLIGENT SUPERVISION**<br><br>**DEMAND FOR JURY TRIAL** |

Complaint for Damages - 1

COMES NOW, THE Plaintiffs, JAMES THALASINOS, an individual; JACOB THALASINOS, an individual; GREGORY CLAYBORN, an individual; VANESSA NGUYEN, an individual; and TRUNG DO an individual; and each of them complains and alleges:

## PARTIES

1. The Plaintiff JAMES THALASINOS, is the son of the Decedent, NICHOLAS THALASINOS.
2. The Plaintiff JACOB THALASINOS, is the son of the Decedent, NICHOLAS THALASINOS.
3. The Plaintiff GREGORY CLAYBORN, is the father of the Decedent, SIERRA CLAYBORN.
4. The Plaintiff VANESSA NGUYEN, is the mother of the Decedent, TIN NGUYEN.
5. The Plaintiff TRUNG DO, is the brother of the Decedent, TIN NGUYEN.
6. The Defendant, UNITED STATES (hereinafter "U.S.") is a government entity which operates and facilitates our security- globally as well as locally, against enemies foreign and domestic.

## VENUE AND JURISDICTION

7. This Court has jurisdiction over Defendant because it is the United States.
8. All causes of action stated herein arose out of Plaintiff's relatives being killed in the December 2, 2015 terrorist attack at the Inland Regional Center in San Bernardino, CA.
9. Plaintiffs are residents of New Jersey and California.
10. Defendant's actions and omissions to act, pertaining to the December 2, 2015 terrorist attack gives rise to causes of action that exceed $75,000.00. Accordingly, venue of this action is proper pursuant to 28 United States Code §1332.

## Agency and Conspiracy Allegations

11. Defendant, U.S. was an agent, partner director, director, co-conspirator or joint venturer of Defendant's Agencies United States Citizen and Immigration Services, Department of Homeland Security, and Federal Burau of Investigation and doing the things herein alleged was acting within the course and scope of said agency, partnership, or association and under the direction of, and with the consent and permission, advance knowledge and/or ratification of the other.

12. At all times relevant, the Defendants, and each of their agencies and bureau, and possibly others, formed and operated under a common plan and agreement, with the resulting injuries and damages to Plaintiff arising from acts done in furtherance of the common design.

13. Furthermore, at all times relevant, the Defendants and each of them, participated in the commission of the torts alleged herein in that: (a) Defendant, U.S. actions and inactions of Defendant Employees and employees of Defendant Agencies constituted a breach of duty to Plaintiff and gave substantial assistance or encouragement to Defendant U.S. Employees and Agencies to so act, or, (b) gave substantial assistance to Defendant U.S. Employees and Agencies in accomplishing a tortious result and that each Defendant's own conduct, separately considered, constituted a breach of duty to Plaintiff.

14. The Defendants are liable for the acts of each other through principles of Respondeat Superior, agency, ostensible agency, partnership, alter-ego and other forms of vicarious liability.

## FACTS COMMON TO ALL CAUSES OF ACTIONS

15. On December 2, 2015 at or about 11:00 AM The San Bernardino County Department of Health was holding a training event and holiday party in a location rented by the County.

16. Decedents NICHOLAS THALASINOS, SIERRA CLAYBORN and TIN NGUYEN were employees of the County of San Bernardino and were present at the training event.

17. Syed Rizwan Farook (hereinafter "SRF") and Tashfeen Malik (hereinafter "TM") were present at the event and killed fourteen individuals, including Decedents NICHOLAS THALASINOS, SIERRA CLAYBORN, and TIN NGUYEN.

18. Plaintiffs are informed and believes and thereupon alleges that at all times mentioned herein, Tashfeen Malik was unlawfully and improperly permitted into this country by Defendant.

19. The Plaintiffs are informed and believe, and on the basis of said information and belief allege that DEFENDANT U.S. by and through the Department of Immigration failed to properly scrutinize the documents of SRF and TM and improperly granted them admission through our borders.

20. The Plaintiffs are informed and believe that the DEFENDANT U.S. knew or should have known that the TF and SRF did not meet the requirements for being granted entrance to the United States and approved the Visa of Tashfeen Malik improperly.

21. The Plaintiffs are informed and believe, and on the basis of said information and belief allege that DEFENDANT US knew or should have known that Syed Rizwan Farook and Tasfeen Malik were predisposed to commit acts of violence based upon the Department of Homeland Security ("DHS") knowledge of Tablighi Jamaat.

22. Mr. Philip Haney was assigned to the National Targeting Center (NTC) near Washington, D.C. in 2011-2012, and managed a counter terrorism case known as the Tablighi Jamaat Initiative.

23. This initiative was certified by the DHS Chief Counsel in August of 2011 and led to more than 1,200 Federal law enforcement actions in less than nine months.

24. Tablighi Jamaat, originated in the 1860's and is a global Islamic organization, estimated to have somewhere between 75- and 125 million members, with numerous known links to jihad and global terrorism networks.

25. Numerous classified records containing valuable intelligence on individuals and organizations linked to the Tablighi Jamaat case were deleted from an archive database known as Treasury Enforcement Communications System (TECS).

26. Syed Farooq & Tashfeen Malik, were linked to Tablighi Jamaat, and to a network of related organizations globally and in America and were part of the intelligence records.

27. Subsequently, the Federal Bureau of Investigation ("FBI") studied the attack which took the life of Decedents NICHOLAS THALASINOS, SIERRA CLAYBORN, and TIN NGUYEN.

28. The FBI released the unredacted transcript of their interview with Enrique Marquez, the person who supplied guns and weapons to Farook & Malik.

29. Paragraph 23 of the FBI transcript links SRF and Marquez and Tablighi Jamaat.

30. Defendant U.S. should not have allowed Syed Rizwan Farook admission in the United States, purely based on the fact that Defendant knew he had ties to Tablighi Jamaat.

31. Defendant U.S. had studied the Tablighi Jamaat Initiative and erased and deleted records of the investigation that could have prevented the San Bernardino attack and preserved the lives of many.

32. Defendant U.S. and DHS Officers found probable cause to initiate a legitimate, legally certified investigation into a global, pro-jihad Islamic organization known as Tablighi Jamaat, which yielded valuable archives of intelligence as well as but was inexplicably shut down and records disbanded.

33. Defendant U.S. has acknowledged the existence and the TJI on numerous instances and continuing the Tablighi Jamaat Initiative would have enabled law enforcement officers across the country (Federal, State and local) to better recognize the threat that Tashfeen Malik and Syed Rizwan Farook presented.

34. Plaintiffs are informed and believes and thereupon alleges that at all times mentioned herein, Decedents were citizens and residents of the Defendant U.S. and as such were deserving of the protection that exercising proper checks and

balances in Department of Immigration admissions would have yielded, when they were killed.

35. Plaintiffs are informed and believes and thereupon alleges that at all times mentioned herein, Decedents were citizens and residents of the Defendant U.S. and as such were deserving of the protection proper facilitation of information within Department of Homeland Security would have yielded, when they were killed.

36. DEFENDANT U.S. is liable for the acts of Tashfeen Malik and Syed Rizwan Farook as a result of their negligible permission of TM and SRF to the United States and for disbanding and discarding the information and intelligence obtained via the Tablighi Jamaat Initiative.

37. DEFENDANT U.S. was served with a Claim for Damages pursuant to Federal Code by the Plaintiffs.

38. DEFENDANT U.S. denied the Plaintiff's claim to resolve this matter.

39. Plaintiffs are now forced to file a complaint in Federal Court in order to obtain compensation for the loss of the Decedents, NICHOLAS THALASINOS, SIERRA CLAYBORN and TIN NGUYEN.

### FIRST CAUSE OF ACTION
### Wrongful Death-Negligence
### Against All Defendants

40. Plaintiffs reallege and incorporate by reference all of the allegations contained in the paragraphs 1-39 of this Complaint as though fully set forth herein. Defendants and each of them owed the Decedents a duty of reasonable due care and breached that duty.

41. Defendant U.S. was negligent is its failure to provide appropriate and adequate review of the documents presented by Tashfeen Malik and Syed Rizwan Farook for their request for admission in the United States.

42. Defendant U.S. was negligent is its failure to restrict Syed Rizwan Farook from entering the United States based on his known affiliation with Tablighi Jamaat.
43. Defendant U.S. was negligent is its failure to restrict Tashfeen Malik from entering the United States based on their failure to follow proper protocol regarding the K-1 Visa Application process as it pertains to TM and SRF.
44. Defendant U.S. was negligent is its failure to provide adequate security measures based on its review of the documents and intelligence garnered in the Tablighi Jamaat Initiative and improperly permitted the presence of TM and SRF on December 2, 2015 when they killed Decedents.
45. Defendant U.S. failed to ensure a safe environment for Decedents.
46. Defendant US through their wrongful acts, as set forth above breached its duties of care and said breach was the proximate cause of death of the Decedents, NICHOLAS THALASINOS, SIERRA CLAYBORN and TIN NGUYEN.
47. As a proximate result of the negligence of the Defendant U.S., the Plaintiffs, have suffered great loss and harm including but not limited to loss of love, companionship, comfort, care, assistance, guidance, protection, affection, society, and moral support in an amount to be established at trial.

## SECOND CAUSE OF ACTION
### Wrongful Death-Negligence
### Survival Action Against all Defendants

48. Plaintiffs reallege and incorporate herein by reference each and every allegation and statement contained in paragraphs 1 through 47, as though set forth fully herein.
49. Prior to their death, the Decedents NICHOLAS THALASINOS, SIERRA CLAYBORN and TIN NGUYEN suffered losses and damages including but not limited to pain and suffering and significant medical expenses.

50. Pursuant to U.S. Code §2255, Plaintiffs seek recovery of those damages provided for, including punitive damages allowable pursuant to Code Section 2255.

### THIRD CAUSE OF ACTION
### Premises Liability

51. Plaintiffs hereby realleges and incorporate herein by reference each and every allegation and statement contained in paragraphs 1 through 50.

52. On or about December 2, 2015 at approximately 11:00 a.m., Defendants allowed Syed and Tashfeen to be in the United States when they should have permitted their entrance through our borders.

53. On December 2, 2015 Defendant U.S. failed to protect its soil and premises located at or near 1365 South Waterman Avenue, San Bernardino, California. This failure had tragic consequences.

54. Reasonably prudent decisions were not made under the circumstances by Defendant U.S. and its Agencies and they knew or should have foreseen that Decedents NICHOLAS THALASINOS, TIN NGUYEN, and SIERRA CLAYBORN were exposed to a risk of harm.

55. Defendant U.S. and its Agencies had reasonable cause to anticipate criminal acts and the probability of injury arising from those near SRF and TM.

56. The precautionary measures that should have been taken imposed a small burden on Defendant U.S. and its Agencies in relation to the magnitude of harm.

57. Syed and Tashfeen shot and killed fourteen people including Nicholas, Sierra, Tin and others.

58. Defendants negligently maintained, controlled, managed, secured our borders via the actions and inactions of the United States Citizenship and Immigration Department and with conscious disregard for proper protocol, failed to secure the premises of our borders.

59. Defendant U.S. failed to protect Nicholas, Sierra, Tin and others from injury. Defendants failed to maintain adequate safeguards and adequate security measures for its immigration procedures.

60. Defendant U.S. acted unreasonably in disbanding the Tablighi Jamaat Initiative and discarding intelligence records that could have saved lives.

61. Defendant U.S. acted unreasonably in instructing others regarding the patrolling, security, supervision, and operation of the building. They acted unreasonably in failing to warn, instruct, advise, protect and guard patrons regarding the property.

62. Defendants, and each of them, knew, or in the exercise of reasonable care, should have known that such an incident could occur but failed to take steps which would have made conditions on the premises reasonably safe.

63. Defendants' acts and omissions were a substantial factor in causing harm.

64. Defendants' acts and omissions were a substantial factor in causing the death of Nicholas, Sierra, Tin and others.

65. Plaintiffs suffered losses due to Defendants' acts and omissions.

66. Plaintiffs have incurred and will continue to incur, expenses in an amount according to proof.

67. Defendants, and each of them, acted with malice in that they showed a reckless and conscious disregard for the safety of Decedents and were aware, or should have been aware, that by failing to properly secure our borders and taking appropriate security measures that the conduct would cause harm. As a result of this conduct, Plaintiffs are entitled damages in an amount according to proof.

## FOURTH CAUSE OF ACTION

### Negligent Supervision

68. Plaintiffs reallege and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 67, as though fully set forth herein.

69. Defendant U.S. has a strong duty of reasonable care in hiring, training, retaining, and supervising employees of its Agencies, including but not limited to DHS and USCIS.

70. Defendants breached that duty of care by failing to properly manage Immigration Officials, who improperly reviewed the documents provided by SRF and TM in pertaining to the "fiancé' visa".

71. Defendants breached that duty of care by failing to properly manage Immigration Officials and DHS, who improperly allowed SRF into the country when he had a known affiliation with Tablighi Jamaat.

72. Defendant U.S. permitted these employees who were not adequately trained, managed, or supervised in their occupational scope to improperly allow SRF and TM into the United States.

73. Defendant U.S. permitted these employees who were not adequately trained, managed, or supervised in their occupational scope with DHS to improperly disband the TJI and discard the intelligence they received.

74. Defendant U.S. knew or should have known that the employees were acting in a manner inconsistent with the goals and objectives of the United States and were a risk to the health and welfare of the United State Citizenry.

75. Plaintiffs are informed and believes and thereupon alleges that Defendant U.S. knew that Syed Rizwan Farook engaged in behavior and acts that warranted immediate ouster from the country and this was known by Defendant U.S. and its Agencies, but they failed to make an arrest.

76. Defendant U.S. and its Agencies acts and omissions to act were a substantial factor in causing Nicholas, Sierra, and Tin's deaths.

77. Plaintiffs were harmed.

78. Defendants' acts and omissions were done in conscious disregard for the safety of others including but not limited to the Plaintiffs so as to warrant the imposition of punitive damages, pursuant to United States Code Section 2255.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs prays for judgment against Defendants, and each of them, as follows:

### FIRST CAUSE OF ACTION

1. Those damages provided for in United States Code Section 2255;
2. For costs of suit herein occurred;
3. For loss of earnings according to proof;
4. Prejudgment interest;
5. For Punitive Damages; and
6. For such other and further relief as the court may deem proper

### SECOND CAUSE OF ACTION

1. For damages provided for in United States Code Section 2255.
2. For costs of suit herein occurred;
3. For loss of earnings according to proof;
4. Prejudgment interest;
5. For Punitive Damages; and
6. For such other and further relief as the court may deem proper

### THIRD CAUSE OF ACTION

1. For damages provided for in United States Code Section 2255.
2. For costs of suit herein occurred;
3. For loss of earnings according to proof;
4. Prejudgment interest;
5. For Punitive Damages; and
6. For such other and further relief as the court may deem proper

**FOURTH OF ACTION**

1. For damages provided for in United States Code Section 2255.
2. For costs of suit herein occurred;
3. For loss of earnings according to proof;
4. Prejudgment interest;
5. For Punitive Damages; and
6. For such other and further relief as the court may deem proper

DATED November 1, 2018         LAW OFFICES OF THEIDA SALAZAR
                                LAW OFFICES OF ASHTON WATKINS

                        By:    _____
                                THEIDA SALAZAR, ESQ.
                                Attorneys for Plaintiffs